BROWN (PATTON v.). See Case No. 10,-832.

BROWN (PERRY MANUF'G CO. v.). See Cases Nos. 11,014 and 11,015.

BROWN (PHELPS v.). See Case No. 11,-072.

## Case No. 2,026.

### BROWN v. PIATT.

[2 Cranch, C. C. 253.][1]

Circuit Court, District of Columbia. Oct. Term, 1821.[2]

DEPOSITIONS — NOTICE OF TAKING — CERTIFICATE OF MAGISTRATE — ACTION ON PROMISSORY NOTE —EVIDENCE—EXECUTION—DEMAND.

1. If the action be against three persons, and one only be arrested, and a deposition be taken, under the act of congress, to be used in the trial of that cause, naming the three defendants, the two defendants not taken ought to be notified if they live within a hundred miles of the place of caption.

2. It is no objection to a deposition, that the magistrate omitted to certify that he cautioned the witness.

3. It is not sufficient evidence of the execution of the notes upon which the suit is brought, to prove by a witness that he had formerly been

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed by the supreme court (case unreported).]

in possession of notes which the defendant admitted to be his genuine notes, and that the notes in question were like those, and that the witness believed them to be genuine.

4. To support an action against the maker of a note payable at a particular place, it is not necessary to prove a demand of payment at that place.

At law.

The plaintiff offered in evidence a deposition, taken under the act of congress, and the magistrate certified that notice was not given to the defendant Piatt, because he was not within 100 miles of the place of caption.

Mr. Jones, for the defendant, objected that as the writ was issued against Piatt and two others, and the title of the suit in the deposition was "Brown v. Piatt and Two Others," and as the two others were within 100 miles, they ought to have been notified although they had not been taken. If Piatt is to be considered as the only defendant, then the title of the suit in the deposition is wrong, and the deposition is not taken in the right suit.

Mr. Key, for the plaintiff.

THE COURT (THRUSTON, Circuit Judge, contra) rejected the deposition.

The plaintiff produced certain notes, purporting to be the notes of Piatt & Co., and a witness (Mr. Riggs) who testified that he had formerly been in possession of notes which were admitted by the defendant Piatt, to be genuine notes of Piatt & Co.; and that the notes now produced by the plaintiff are like those, and that he (the witness) believed them to be genuine.

THE COURT did not consider this evidence as sufficient proof of the execution of the notes to permit them to be given in evidence to the jury.

Mr. Jones objected to the deposition that the magistrate had not certified that he "cautioned" the witness; he had only stated that the witness was duly "examined and solemnly affirmed," &c., but the court overruled the objection.

Further evidence having been produced, THE COURT permitted the notes to be read in evidence to the jury. They purported to be notes of Piatt & Company, for various sums of twenty dollars and upwards, amounting in the whole to $3,404, payable to E. Hall or bearer, at their banking house in Cincinnati.

Mr. Jones, for the defendant, then prayed the court to instruct the jury that the evidence so offered by the plaintiff was not competent and sufficient of itself to support the plaintiff's count upon the notes, for want of proof that they had been presented for payment at the defendant's banking house; but THE COURT refused to give the instruction.

Verdict for plaintiff.

Bills of exception were taken by the defendant's counsel, and, upon writ of error

to the supreme court of the United States, the judgment of this court was affirmed, at February term, 1822 [unreported].